Scarburgh, J.
delivered the opinion of the Court.
This is an adjourned case from the county of Northampton. It is a motion made by the plaintiffs against the defendant, for refusing to perform the duties required of him, as one of the school commissioners of that coiinty, by the statute passed March 5, 1846, entitled “ An act for the establishment of a district public school system.”
The first section of the statute is in these words: “ Be it enacted by the general assembly, That upon the petition to the County Court of any county of this Commonwealth, of one third of the qualified voters thereof, who shall have voted at the preceding election for delegates to the general assembly, it shall be the duty of the said Court to certify the same to the commissioners of election for the said county; and thereupon the said commissioners shall, at the next succeeding election for delegates to the general assembly, open a register for the votes of the electors qualified to vote for delegates, in which two columns shall be kept, one for those in favour of the establishment of district schools in the county, and the other for those opposed to it; which register shall be duly certified on oath or affirmation by said officers, and delivered to the clerk of the County Court, to be by him filed and preserved. In every county, in *529 which it shall appear from the return aforesaid, that two thirds of the legal voters are in favour of adopting the district system, the following regulations for the introduction and maintenance of that system, shall be and are hereby established therein.” And this motion is made for the penalty imposed by the thirteenth section of the said statute.
The commissioners of election for the county of Northampton, a petition for that purpose having been previously presented to the County Court of that county, by one third of the qualified voters thereof, who voted at the preceding election for delegates to the general assembly, and the same certified by that Court to them at the election for delegates to the general assembly, held on the fourth Thursday in April, A. D. eighteen hundred and forty-seven, opened a register for the votes of the electors qualified to vote for delegates, in which two columns were kept, one for those in favour of the establishment of district schools in that county, and the other for those opposed to it. This register was duly certified on oath or affirmation by those officers, and delivered to the clerk of the said County Court, to be by him filed and preserved. It appeared by the return so made that two hundred and forty-nine of the legal voters of the said county voted in favour of, and fifty-nine voted against the adoption of the district system of schools; so that more than two thirds of those who actually voted were in favour of adopting that system, but they did not constitute two thirds of all the legal voters of the said county.
The defendant is a school commissioner of Northampton, and he having refused to perform any of the duties required of him by the act above mentioned, this motion, of which he received due notice, was made in the Circuit Superior Court of Law and Chancery for that county.
*530 At the trial of this motion, the facts above mentioned having been agreed by the parties, the Circuit Court, with the assent as well of the plaintiffs as of the defendant, adjourned to this Court the following questions :
1. According to the true construction of the statute aforesaid, passed March 5th, A. D. 1846, is it necessary that two thirds of all the legal voters of the said county of Northampton should be in favour of adopting the said district system, to authorize the establishment of the regulations prescribed thereby for the introduction and maintenance of that system in the said county ?
2. Was the said system adopted by the vote aforesaid mentioned in the said agreement of facts ?
3. What judgment shall be rendered in this case?
The answers to be given to these questions depend upon the proper construction of the first section of the statute above quoted. If the words “ legal voters,” as used therein are to be so interpreted as to embrace only those who actually voted, then the district system, therein contemplated, was adopted by the vote which was taken. But, on the contrary, if by those words, the legal voters of the county were meant, then the district system was not adopted. We are of the opinion, that upon the plain reading of the statute, those words are to be understood in the former sense.
If the Legislature had not so intended, it would have been wholly unnecessary to have directed that two columns should be kept in the register, inasmuch as, in that event, those who might not vote at all, as well as those who should vote against the system, would alike be counted in ascertaining whether the requisite two thirds of the entire number of votes in the county had been cast in favour of it. And whilst it is to be conceded that a circumstance like this would weigh but little against plain words, yet, where the words are doubtful, and, as in this case, such a provision is not only highly important, but actually indispensable, under one con *531 struction, but under another, wholly vain and useless, it becomes well worthy of consideration, if not decisive of the construction to be adopted. Effect must be given, whenever it is practicable, to all the words of a statute, and none are to be presumed to have been inserted in vain.
The statute itself, we think, very plainly indicates the object for which the two columns were designed to be kept in the register. It was to shew whether the requisite number of two thirds of the legal voters had voted in favour of the district system. This the statute declares shall appear from the return to be made by the commissioners of election: “ In every county in which it shall appear from the return aforesaid that two thirds,” &c. But it could not so appear, unless by “ legal voters,” were meant only those who actually voted.
The words “in every county,” which occur in the concluding sentence of the first section of the statute, are to be referred to the words “ the following regulations for the introduction and maintenance of that system, shall be and are hereby established therein,” the evident intention of the Legislature being to declare, that the district system should be established “ in every county,” in which two thirds of the legal voters, whose names might appear upon the register, should have voted in favour of it. It would be a very strained construction, one wholly unauthorized by any just rule or principle whatever, to refer the words “legal voters” to the words “ in every county,” so as to make the statute read as if it required “ two thirds of the legal voters in every county” to vote in favour of the district system of schools, to authorize its adoption. No transposition of the words used can be made to sanction such a construction, without making some of them wholly inoperative. And that construction would not only involve the absurdity of the act’s requiring two columns in the register, when only one was necessary, but actually, in effect, *532 strike out the words “ in which it shall appear from the return aforesaid.” But these words were surely not inserted without some object; and if effect is to be given to them at all, they can be understood in but one sense. And inasmuch as it is impossible that it could appear from the return whether two thirds of the legal voters of the county were in favour of the district system, but it would appear therefrom whether two thirds of those who actually voted were in favour of it, the words “ legal voters,” must be construed to mean the legal voters who actually voted.
We are, therefore, of the opinion that the first question adjourned be answered in the negative, and the second,.-in the affirmative; and ás-to the third, we advise that a judgment be rendered in favour of the plaintiffs against the defendant for the sum of ten dollars, the fine claimed in this motion, and their costs: which is ordered, to be certified, &c.